Paul S. Aronzon (CA Bar No. 88781)
Mark Shinderman (CA Bar No. 136644)
Haig M. Maghakian (CA Bar No. 221954)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

Trey Monsour
Texas State Bar No. 14277200
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

PROPOSED CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors of Idearc, Inc.
1420 Fifth Avenue, 7th Floor
Seattle, WA 98101
Diana Jacobs

COMMITTEE CHAIRPERSON
VICE PRESIDENT, U.S. BANK, N.A., AS INDENTURE TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Idearc, Inc., <u>et al.</u>,[1] | : | Case No. 09-31828 (BJH) |
| | : | |
| Debtors. | : | Jointly Administered |
---------------------------------------------------------x

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 16, 2009, AT 3:15 P.M. IN ROOM 1421 (COURTROOM NO. 2) ON THE 14TH FLOOR, U.S. BANKRUPTCY COURT, 1100 COMMERCE STREET,**

---

[1] In addition to Idearc, Inc., the following entities are debtors in these related cases: Idearc Information Services LLC, Idearc Media LLC, Idearc Media Services – East Inc., Idearc Media Services - West, Inc,. Idearc Media Sales – West Inc., Idearc Media Sates – East LLC, Idearc Media Sales – East Co., License Application Corporation, and Second License Application Corporation.

**DALLAS, TEXAS 75242.  IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT ON OR BEFORE JUNE 8, 2009, WHICH IS FIVE (5) BUSINESS DAYS PRIOR TO THE HEARING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE PLEADING; OTHERWISE, THE COURT MAY TREAT THE PLEADINGS AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**APPLICATION FOR AN ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF MILLER BUCKFIRE & CO.,
LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

TO THE HONORABLE Barbara J. Houser:

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") hereby files this application (the "<u>Application</u>") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") authorizing the employment and retention of Miller Buckfire & Co., LLC ("<u>Miller Buckfire</u>") as financial advisor and investment banker to the Committee <u>nunc pro tunc</u> to April 14, 2009.  In support of the Application, the Committee relies upon and incorporates by reference the Affidavit of Lloyd A. Sprung  (the "<u>Sprung Affidavit</u>," annexed hereto as <u>Exhibit A</u>).  In further support of the Application, the Committee respectfully represents as follows:

**<u>JURISDICTION</u>**

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are sections 328(a) and 1103 of the

Bankruptcy Code, as supplemented by Bankruptcy Rule 2014.

## **BACKGROUND**

2.      On March 31, 2009 (the "Petition Date"), Idearc, Inc. and each of the

other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtors intend to continue in the possession of their respective properties and the management of

their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.  The cases are being jointly administered for procedural purposes only

pursuant to Bankruptcy Rule 1015(b).

4.      On April 13, 2009, the Office of the United States Trustee verbally

appointed the following six members to the Committee: (i) U.S. Bank National Association, (ii)

Ahab Capital Management, Inc., (iii) Smith Management, LLC, (iv) Mr. Nate Schwartz, (v)

Communication Workers of America, and (vi) RR Donnelley Credit Services.  During a meeting

on April 13, 2009, the Committee selected Miller Buckfire as financial advisor to perform such

financial advisory services as may be required by the Committee in carrying out its duties during

the pendency for the Debtors' chapter 11 cases.  For the period November 14, 2008 to April 13,

2009, Miller Buckfire was engaged by Milbank, Tweed, Hadley & McCloy LLP ("Milbank") in

its capacity as legal counsel for and on behalf of the ad hoc committee of 8% senior unsecured

notes due 2013 (the "Steering Committee") to perform certain financial advisory services to the

Steering Committee pursuant to the terms and conditions of the engagement letter dated

November 14, 2008 (the "Initial Engagement Letter").  Subject to the Court's approval, the

Committee has agreed to employ the services of and compensate Miller Buckfire on terms and

conditions pursuant to the engagement letter dated April 14, 2009 between the Committee,

Milbank in its capacity as proposed counsel to the Committee and Miller Buckfire (the

"Engagement Letter").

## RELIEF REQUESTED

5.       By this Application, the Committee seeks entry of an order, pursuant to

sections 328(a) and 1103(a) of the Bankruptcy Code, (a) authorizing the employment and

retention of Miller Buckfire as financial advisor and investment banker to the Committee in these

chapter 11 cases, effective as of April 14, 2009 and pursuant to the terms and conditions of the

Engagement Letter a copy of which is annexed hereto as <u>Exhibit B</u> and incorporated by reference

herein, as modified by the proposed retention order, (b) approving the terms of Miller Buckfire's

employment, including the proposed fee structure and indemnification provisions, set forth in the

Engagement Letter, as modified by the proposed retention order and (c) granting such other and

further relief as the Court deems appropriate.

## MILLER BUCKFIRE'S QUALIFICATIONS

6.       The Committee believes that Miller Buckfire is well qualified to represent

the Committee due to its extensive experience and expertise in providing strategic and financial

advisory services in corporate restructuring transactions.  In support of this Application, the

Committee hereby incorporates by reference the factual statements contained in the Sprung

Affidavit, filed concurrently herewith.

7.       Miller Buckfire is an independent firm that provides strategic and financial

advisory services in large-scale corporate restructuring transactions.  Miller Buckfire is

principally owned and controlled by Henry S. Miller and Kenneth A. Buckfire and by the

employees of Miller Buckfire.  Miller Buckfire currently has approximately 65 employees.

8.      Miller Buckfire's professionals have extensive experience in providing financial advisory and investment banking services to financially distressed companies and to creditors, equity holders and other constituencies in reorganization proceedings and complex financial restructurings, both in- and out-of-court.  For instance, Miller Buckfire's professionals are providing or have provided financial advisory, investment banking, and other services in connection with the restructuring of numerous companies: Acterna Corporation; Aerovías Nacionales de Colombia S.A.; Allied Holdings, Inc.; Amtrol Inc.; Anchor Danly Company; Applied Extrusion Technologies, Inc.; AT&T Latin America; Aurora Foods Inc.; Autocam Corporation; Avado Brands, Inc.; Birch Telecom, Inc.; Black Diamond Mining Company, LLC; Bruno's Inc.; Burlington Industries; Calpine Corporation; Cambridge Industries; Carmike Cinemas; Celotex Corporation; Centerpoint Energy; Citation Corporation; CMS Energy Corporation; Criimi Mae, Inc.; CTC Communications; Dana Corporation; Delta Air Lines, Inc.; Dow Corning Corporation; Drypers, Inc.; Dura Automotive Systems, Inc.; EaglePicher Holdings Inc.; Exide Technologies; Eurotunnel Group; Favorite Brands International Inc.; FLYi, Inc.; Foamex International; Focal Communications Corporation; FPA Medical Management; Gate Gourmet; General Growth Properties, Inc.; Grand Union Co.; Greatwide Logistics; Grupo TMM; Hines Horticulture, Inc.; Horizon Natural Resources Company; Huntsman Corporation; ICG Communications; ICO Global Communication, Ltd.; IMPATH Inc.; Interstate Bakeries Corporation; J.L. French Automotive Castings; Kmart Corporation; Level (3) Communications; Laidlaw, Inc.; Loewen Group; Magna Entertainment Corp.; McLeodUSA; Meridian Technologies Inc.; Mervyn's Inc.; Micro Warehouse; Mirant Corp.; Montgomery Ward & Co.; National Airlines; Oakwood Homes; Pacific Crossing Limited; Pathmark Stores, Inc.; Pegasus Satellite Communications; PennCorp Financial Group, Inc.; Pioneer Companies; PSINet;

- 5 -

Polaroid Corporation; Polymer Group, Inc.; Progressive Molded Products Inc.; SI Corporation;

The Spiegel Group; Sunbeam Corporation; Stolt-Nielsen S.A.; Stolt-Offshore S.A.; TECO

Energy; Trans World Airlines; U.S. Office Products; Vonage Corporation; Vulcan, Inc.; and

Women First Healthcare, Inc. Miller Buckfire's professionals are also providing or have

provided mergers and acquisitions advisory services in connection with whole or partial

company sale transactions involving companies across a wide range of industries, including

Atwood Mobile Products (Dura Corporation); Aurora Foods; Burlington Industries; Calpine

Corporation; Cambridge Industries; Career Blazers; Conversent Communications; Country Road

Communications; Dana Corporation; Focal Communications; Global Valley Networks;

IMPATH; Magna Entertainment Corp., Pegasus Broadcast Corporation; Pegasus

Communications; PSINet; and Polaroid Corporation. The resources, capabilities and experience

of Miller Buckfire are crucial to the Committee's duties and activities in these Chapter 11 cases.

Miller Buckfire's principal services include valuation and debt capacity analysis, capital

structure design and plan formulation, evaluation and negotiation. The Committee generally

seeks for Miller Buckfire to concentrate its efforts on formulating alternatives, evaluating

proposed plans of reorganization and assisting the Committee in its efforts with regards to the

overall restructuring.

9. Since November 14, 2008, Miller Buckfire has provided the following

services, among others, to the Steering Committee pursuant to the Initial Engagement Letter:

    a. familiarized itself with the assets and operations of the Debtors;

    b. reviewed and analyzed the business plans, current liquidity and projected cash flows of the Debtors, including, but not limited to, testing assumptions and comparing those assumptions to historical trends;

c.  evaluated the debt capacity and appropriate capital structure for the Debtors;

d.  at the request of Milbank, developed and evaluated alternative restructuring proposals;

e.  at the request of Milbank, attended and conducted financial due diligence meetings with members of management of, as well as financial advisors to, the Debtors;

f.  assisted in the drafting of a proposed restructuring term sheet delivered to the Debtors in February 2009; and

g.  provided other customary financial advisory services as requested by Milbank.

10.    In providing professional services to the Steering Committee from November 2008 to April 2009, Miller Buckfire has worked closely with the Debtors' management and has become well-acquainted with the Debtors' businesses, capital structure, financial affairs and related matters.  The experience Miller Buckfire gained while working for the Steering Committee before the Petition Date will facilitate the provision of the services required by the Committee in these chapter 11 cases.  The Committee believes that Miller Buckfire is well qualified to represent it in the Debtors' chapter 11 cases in an efficient and timely manner.

**SCOPE OF SERVICES**

11.    In accordance with the terms of the Engagement Letter, at the request and direction of the Committee, Miller Buckfire will perform the following investment banking services, among others, to the extent they are desired or necessary:[2]

---

[2]    The description of the Engagement Letter is a summary.  To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter control. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

a. further familiarize itself with the business, operations, properties, financial condition and prospects of the Debtors;

b. advise and assist the Committee in evaluating, structuring, negotiating, implementing or otherwise responding to the financial aspects of a proposed restructuring, financing and/or sale transactions;

c. provide financial advice and assistance to the Committee in the analysis, evaluation, negotiation, confirmation and implementation of a plan of reorganization (the "Plan");

d. advise and assist the Committee, and if the Committee requests, participate in the negotiations of any restructuring;

e. render such financial advisory services in connection with the Plan, including, if requested by the Committee, participating in hearings before the Bankruptcy Court with respect to the matters upon which Miller Buckfire has provided advice, including, as relevant, coordinating with the Committee's counsel with respect to testimony in connection therewith;

f. be available to meet with the Committee, the Debtors' management, the Debtors' Board of Directors, creditor groups, equity holders or other parties to discuss any restructuring; and

g. such other investment banking services as may be reasonably requested by the Committee, including, but not limited to, M&A and asset sale processes, and that is within the scope of the engagement.

12.    The Committee requires Miller Buckfire's advice and services in order to maximize the value of their estates.  All of the services that Miller Buckfire will provide to the Committee will be undertaken at the request of the Committee and will be appropriately directed by the Committee.

## **COMPENSATION**

13.     As more fully described in the Engagement Letter and subject to the

Court's approval, Miller Buckfire's compensation for services to be performed in these Chapter

cases will be the following (the "Fee Structure")[3]:

a. Monthly Advisory Fee.  A Monthly Advisory Fee of $175,000 per month;
provided that 50% of any Monthly Advisory Fees paid to Miller Buckfire
beginning in April 2009 will be credited against any Restructuring Transaction
Fee.

b. General Restructuring Transaction Fee.  If the Debtors consummate a
Transaction, a Transaction Fee equal to $4,450,000 payable upon the closing
of such Transaction.

Additionally, Miller Buckfire will be entitled to reimbursement of its reasonable expenses

incurred in connection with the provision of services, such as travel and other reasonable out-of-

pocket expenses (including all reasonable fees, disbursements and other charges of Miller

Buckfire's counsel).

14.     The Fee Structure is the same as the compensation provided for in the

Initial Engagement Letter.

15.     Miller Buckfire has obtained valuable institutional knowledge of the

Debtors' businesses and financial affairs as a result of providing services to the Steering

Committee prior to the Petition Date.  The Committee submits that Miller Buckfire is well

qualified to perform these services and assist the Committee in these chapter 11 cases.

---

[3]     The description of the Fee Structure is a summary.  To the extent that this Application and the terms of the
Engagement Letter are inconsistent, the terms of the Engagement Letter control.

16.     The Fee Structure is consistent with Miller Buckfire's normal and customary billing practices for comparably sized and complex cases, both in- and out-of-court, involving the services to be provided in these cases.

17.     Miller Buckfire and the Committee believe that the foregoing compensation arrangements are reasonable, market-based and within the range of other comparable transactions.

18.     The compensation structure described above was established to reflect the difficulty of the extensive assignments Miller Buckfire expects to undertake and the potential for failure.

19.     Although Miller Buckfire does not charge for its services on an hourly basis, Miller Buckfire will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in these cases.  Miller Buckfire requests that it be permitted to file time records in one half (.5) hour increments.  Accordingly, by this Application, the Committee is seeking on behalf of Miller Buckfire, a waiver of the requirement to bill activities in one-tenths (.1) of an hour.

20.     Miller Buckfire's strategic and financial expertise as well as its capital markets knowledge, financing skills, restructuring capabilities and mergers and acquisitions expertise, some or all of which may be required by the Committee during the term of Miller Buckfire's engagement hereunder, were important factors in determining the Fee Structure, and the Committee believes that the ultimate benefit to the Committee of Miller Buckfire's services hereunder cannot be measured by reference to the number of hours to be expended by Miller Buckfire's professionals in the performance of such services.

21.     In addition, the Fee Structure had been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required of Miller Buckfire and its professionals, and in the light of the fact that such commitment could foreclose other opportunities for Miller Buckfire and that the actual time and commitment required of Miller Buckfire and its professionals to perform its services hereunder could vary substantially from week to week or month to month.

22.     In sum, in the light of the foregoing and given the numerous issues which Miller Buckfire may be required to address in the performance of its services hereunder, Miller Buckfire's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Miller Buckfire's services for engagements of this nature both out-of-court and in a chapter 11 context, the Committee believes that the Fee Structure is market-based and fair and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

23.     Accordingly, as more fully described below, the Committee believes that the Court should approve Miller Buckfire's retention subject to the standard of review set forth in section 328(a) of the Bankruptcy Code and that Miller Buckfire's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code.

24.     As set forth in the Sprung Affidavit, Miller Buckfire has not shared or agreed to share any of its compensation from the Committee with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**<u>INDEMNIFICATION</u>**

25.     The Engagement Letter further provides that the Debtors will indemnify, hold harmless and defend Miller Buckfire and its affiliates and its respective directors, officers, members, managers, shareholders, employees, agents and controlling persons and its respective successors and assigns (collectively, the "<u>Indemnified Parties</u>") under certain circumstances (such indemnification obligation being referred to as the "<u>Indemnification Provisions</u>"), which provisions are attached to and made a part of the Engagement Letter.  These are standard provisions, both in chapter 11 cases and outside chapter 11, and, as modified by the proposed retention order, reflect the qualifications and limits on the indemnification provisions that are customary in the District of Delaware and other  jurisdictions.

26.     The Committee and Miller Buckfire believe that the Indemnification Provisions are customary and reasonable for financial advisory and investment banking engagements, both out-of-court and in Chapter 11 cases.  <u>See</u>, <u>e.g.</u>, <u>In re Mervyn's Holdings, LLC</u>, No. 08-11586 (KG) (Bankr. D. Del. July 29, 2008) (authorizing retention of Miller Buckfire on similar terms); <u>In re Hines Horticulture, Inc.</u>, No. 08-11922 (KJC) (Bankr. D. Del. August 20, 2008) (same); In re Magna Entertainment, Corp., No. 09-10720 (MFW) (Bankr. D. Del. March 5, 2009) (same).

27.     The Indemnification Provisions are similar to other indemnification provisions that have been approved by this Court and other bankruptcy courts.  <u>See, e.g., In re Wall Homes, Inc., et al.</u>, No. 09-30362-BJH-11 (Bankr. N.D. Tex. March 30, 2009); <u>In re Tropicana Entertainment, LLC</u>, No. 08-10856 (KJC) (Bankr. D. Del. May 5, 2008) (authorizing indemnification of Lazard Freres & Co. LLC by debtors); <u>In re New Century TRS Holdings, Inc.</u>, No. 07-10416 (KJC) (Bankr. D. Del. Apr. 26, 2007) (same); <u>In re Comdisco, Inc.</u>, No

- 12 -

02-C-1174 (N.D. Ill. September 23, 2002) (affirming order authorizing indemnification of

Lazard Freres & Co. LLC and Rothschild, Inc. by debtors and official committee of unsecured

creditors); In re Joan & David Halpern, Inc., 248 B.R. 43 (Bankr. S.D.N.Y. 2000) (overruling

U.S. Trustee's objection to indemnity provision); In re United Artists Theatre Company,

No. 00-3514 (SLR) (Bankr. D. Del. Dec. 1, 2000) (authorizing indemnification of Houlihan,

Lokey by debtors).

28.     Prior to the filing of the Debtors' chapter 11 cases, the terms and

conditions, including the Indemnification Provisions, of the Initial Engagement Letter, which are

substantially similar to the terms and conditions of the Engagement Letter, were negotiated by

the Debtors, Milbank, in its capacity as counsel to the Steering Committee, and Miller Buckfire

at arm's length and in good faith.  The Committee therefore respectfully submits that the

Indemnification Provisions contained in the Engagement Letter, viewed in conjunction with the

other terms of Miller Buckfire's proposed retention, are reasonable and in the best interests of the

Committee, their estates and creditors in light of the fact that the Committee requires Miller

Buckfire's services for a successful result in these cases.  Accordingly, as part of this

Application, the Committee requests that the Court approve the Indemnification Provisions as

outlined in the Engagement Letter attached hereto as Exhibit B but subject to the modifications

set forth in the proposed retention order.

## RELIEF REQUESTED

## BASIS FOR RELIEF

29.     The Committee seeks approval of the Engagement Letter, including the

Fee Structure, pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant

part, that the Committee appointed under section 1102 of the Bankruptcy Code  "with the court's

approval, may employ or authorize the employment of a professional person under section 327

or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment,

including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent

fee basis. . . ."  11 U.S.C. § 328(a).

30.      Section 328 of the Bankruptcy Code permits the compensation of

professionals, including financial advisors and investment bankers, on more flexible terms that

reflect the nature of their services and market conditions, which is a significant departure from

prior bankruptcy practice relating to the compensation of professionals.  As the United States

Court of Appeals for the Fifth Circuit recognized in In re National Gypsum Co., 123 F.3d 861,

862 (5th Cir. 1997) (citations omitted):

> Prior to 1978, the most able professionals were often unwilling to work for
> bankruptcy estates where their compensation would be subject to the uncertainties
> of what a judge thought the work was worth after it had been done.  The
> uncertainty continues under the present § 330 of the Bankruptcy Code, which
> provides that the court award to professional consultants 'reasonable
> compensation' based on relevant factors of time and comparable costs, etc.  Under
> present § 328 the professionals may avoid that uncertainty by obtaining court
> approval of compensation agreed to with the trustee (or debtor or committee).

Id. at 862 (internal references omitted).  Owing to this inherent uncertainty, courts have approved

similar arrangements that contain reasonable terms and conditions under section 328 of the

Bankruptcy Code.  See, e.g. In re Midway Games, Inc., Case No. 09-10465 (Bankr. D. Del. April

20, 2009); In re Lehman Brothers Holdings Inc., Case No. 08-13555 (Bankr. S.D.N.Y. Nov. 21,

2008); In re Internet Corporation, Case No. 08-1159 (Bankr. D. Del. Oct. 30, 2008); In re Pierre

Foods, Inc., Case No. 08-11480 (Bankr. D. Del. September 25, 2008); In re Frontier Airlines

Holdings, Inc., Case No. 08-11298 (Bankr. S.D.N.Y. June 6, 2008); In re Radnor Holdings Corporation, Case No. 06-10894.

31.     The Fee Structure appropriately reflects the nature and scope of services to be provided by Miller Buckfire, Miller Buckfire's substantial experience with respect to investment banking services and the fee structures typically utilized by Miller Buckfire and other leading investment bankers, who do not bill their clients on an hourly basis.

32.     Similar fixed and contingency fee arrangements have been approved and implemented by courts in other large Chapter 11 cases in this Court and other courts. In re Mervyn's Holdings, LLC, No. 08-11586 (KG) (Bankr. D. Del. July 29, 2008) (authorizing retention of Miller Buckfire on similar terms); In re Hines Horticulture, Inc., No. 08-11922 (KJC) (Bankr. D. Del. August 20, 2008) (same); In re Tropicana Entertainment, LLC, No. 08-10856 (KJC) (Bankr. D. Del. May 5, 2008) (authorizing retention of Lazard Freres & Co. LLC by debtors); In re Romacorp, Inc., et al., No. 05-86818-BJH-11 (Bankr. N.D. Tex., December 27, 2005); In re Mirant Corp. et al., No. 03-46590-DML-11 (Bankr. N.D. Tex., December 8, 2003).

33.     Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a change was made to section 328(a) which is highlighted in bold below:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, **on a fixed or percentage fee basis,** or on a contingent fee basis.

This change makes clear the ability of the Committee to retain, with Bankruptcy Court approval, a professional on a fixed fee basis such as the Fee Structure with Miller Buckfire in this case.

34.     Notwithstanding approval of its Engagement Letter under section 328 of

the Bankruptcy Code, Miller Buckfire will apply to the Court for allowance of compensation and

reimbursement of expenses in accordance with the procedures set forth in the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, as those

procedures may be modified or supplemented by order of this Court.  Consistent with its

ordinary practice and the practice of investment bankers in other chapter 11 cases whose fee

arrangements are typically not hour-based, Miller Buckfire does not ordinarily maintain

contemporaneous time records in one-tenth hour increments or provide or conform to a schedule

of hourly rates for its professionals.  Therefore, Miller Buckfire should be excused from

compliance with such requirements and should be required only to maintain such time records in

one half (.5) hour increments.

35.     In sum, the Committee believes that the fee structure and other terms and

conditions in the Engagement Letter, including the Indemnification Provision, are reasonable

terms and conditions of employment and should be approved under section 328(a) of the

Bankruptcy Code.  The fee structure appropriately reflects (a) the nature and scope of the

services to be provided by Miller Buckfire in these chapter 11 cases and work already performed

by Miller Buckfire prior to the retention date and (b) the fee structures typically utilized by

Miller Buckfire and other leading financial advisory and investment banking firms in and out of

the chapter 11 context.  In particular, the Committee believe that the proposed fee structure

creates a proper balance between fixed monthly fees and contingency fees based on a successful

restructuring.

## DISINTERESTEDNESS

36.     Miller Buckfire has informed the Committee that, except as may be set forth in the Sprung Affidavit, Miller Buckfire (a) has no connection with the Debtors, their creditors, equity security holders, or other parties in interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee, in any matter related to the Debtors and their estates, (b) does not hold any interest adverse to the Debtors' estates and (c) believes it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

37.     Prior to the Petition Date, Miller Buckfire received total monthly fees of $875,000.00 for November 2008 through March 2009, pursuant to section 2(a) of the Initial Engagement Letter.  Miller Buckfire has also received $48,343.94 for expenses incurred from November 2008 through March 2009. To the extent that Miller Buckfire has received reimbursement for expenses in excess of the amount actually incurred, Miller Buckfire will credit such overage to future incurred expenses.  In total, Miller Buckfire received $923,343.94 prior to the Petition Date.

38.     Miller Buckfire informed the Committee that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Miller Buckfire will inform the Court.

## NOTICE

39.     Notice of this Application will be given to: (a) the United States Trustee for the Northern District of Texas; (b) counsel to the agent for the Debtors' prepetition lenders;

and (c) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; and those parties-in-interest listed on the Master Service List.

40.     No previous application for the relief sought herein has been made to this or to any other Court.

[Remainder of Page Intentionally Blank]

CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit C, granting the relief requested in the Application and such other and further relief as may be just or proper.

Dated: May 13, 2009

The Official Committee of Unsecured Creditors of Idearc, Inc.

By: _____
Diana Jacobs, Vice President, U.S. Bank, N.A., as Indenture Trustee

Committee Chairperson

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 22, 2009, a true and correct copy of the foregoing document was served upon all parties on the attached Master Service List via e-mail or United States first class mail, postage prepaid, as indicated, in accordance with the Federal Rules of Bankruptcy Procedure and by e-mail upon the parties that receive notifications in this case pursuant to the Court's ECF system.

        *  /s/ Trey Monsour  *
        Trey Monsour

## MASTER SERVICE LIST
(as of May 14, 2009)

*VIA E-MAIL*

**Counsel for the Debtors**
Toby L. Gerber
Kristian W. Gluck
Ryan E. Manns
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
E-Mail:    tgerber@fulbright.com
           kgluck@fulbright.com
           rmanns@fulbright.com

**Counsel for the Debtors**
Berry D. Spears
Anna M. Mendez
Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
E-Mail:    bspears@fulbright.com
           amendez@fulbright.com

**Counsel for Administrative Agent**
Steven M. Fuhrman
Elisha D. Graff
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
E-Mail:    sfuhrman@stblaw.com
           egraff@stblaw.com

**Texas Counsel for Administrative Agent**
Daniel C. Stewart
William Wallander
Rebecca Petereit
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
E-Mail:    dstewart@velaw.com
           bwallander@velaw.com
           rpetereit@velaw.com

Diana Jacobs
U.S. Bank National Association
1420 Fifth Avenue, 7th Floor
Seattle, WA 98101
E-Mail:    diana.jacobs@usbank.com

Rebwar Berzinji
Ahab Capital Management, Inc.
299 Park Avenue, 17th Floor
New York, NY 10171
E-Mail:    rb@ahabcap.com

Alex Zyngier
Smith Management LLC
885 Third Avenue
New York, NY 10022
E-Mail:    azyngier@smithnyc.com

Nate Schwartz
Techniservice
738 West Cypress Street
P.O. Box 817
Kennett Square, PA 19348
E-Mail:    nschwartz@techniservice.com

Patrick O'Neil
Communication Workers of America
35 Edes Road
Cumberland, ME 04021
E-Mail:    patrickeoneil@gmail.com

Dan Pevonka
RR Donnelley Credit Services
3075 Highland Parkway
Downers Grover, IL 60515
E-Mail:    dan.pevonka@rrd.com

**Counsel for Unsecured Creditors'**
**Committee:**
Mark Shinderman
Haig M. Maghakian
Milbank, Tweed, Hadley & McCloy, LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
E-Mail:    mshinderman@milbank.com
           hmaghakian@milbank.com

**Local Counsel for Unsecured Creditors'
Committee:**
Trey Monsour
Frances Smith
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
E-Mail:    trey.monsour@haynesboone.com
           frances.smith@haynesboone.com

Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott
P.O. Box 13430
Arlington, TX 76094
E-Mail:    arlbank@pbfcm.com

David McCarty
T. William Opdyke
Kyle J. Mathews
Sheppard Mullin
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
E-Mail:    wopdyke@sheppardmullin.com
           dmccarty@sheppardmullin.com
           kmathews@sheppardmullin.com

Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201
E-Mail:    dallas.bankruptcy@publicans.com

Paul M. Rosenblatt
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
E-Mail:    prosenblatt@kilpatrickstockton.com

Bruce Simon
Richard Seltzer
Joseph Vitale
Cohen, Weiss and Simon, LLP
330 West 42nd Street
New York, NY 10036
E-Mail:    bsimon@cwsny.com
           rseltzer@cwsny.com
           jvitale@cwsny.com

Sanford R. Denison
Baab & Denison, LLP
2777 N. Stemmons Freeway, Suite 1100
Dallas, TX 75207
E-Mail:    denison@baabdenison.com

Jeffrey R. Fine
Daniel I. Morenoff
K&L Gates LLP
1717  Main Street, Suite 2800
Dallas, TX 75201
E-Mail:    jeff.fine@klgates.com
           dan.morenoff@klgates.com

Jill Levi
David B. Rosenberg
Todd & Levi, LLP
444 Madison Avenue, Suite 1202
New York, NY 10022
E-Mail:    jlevi@toddlevi.com
           drosenberg@toddlevi.com

J. Scott Douglass
909 Fannin Street, Suite 1800
Houston, TX 77010
E-Mail:    jsdlaw@msn.com

William A. Frazell
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711
E-Mail:    bill.frazell@oag.state.tx.us

Scott E. Blakeley
Blakeley & Blakeley LLP
4685 MacArthur Court, Suite 421
Newport Beach, CA 92660
E-Mail:    seb@blakeleyllp.com

Bruce J. Ruzinsky
D. Elaine Conway
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
E-Mail:    bruzinsky@jw.com
           econway@jw.com

Robert G. Richardson
Heather M. Forrest
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, TX 75202
E-Mail:    rrichardson@jw.com
             hforrest@jw.com

Scott K. Brown
Lewis and Roca LLP
40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
E-Mail:    sbrown@lrlaw.com

Sabrina L. Streusand
Streusand & Landon, LLP
515 Congress Avenue, Suite 2523
Austin, TX 78701
E-Mail:    streusand@streusandlandon.com

Stephen H. Gross
Hodgson Russ LLP
60 East 42nd Street, 37th Floor
New York, NY 10165
E-Mail:    sgross@hodgsonruss.com

Hugh P. Hughes
P.O. Box 300
Sumterville, FL 33585
E-Mail:    hphughes@webtv.net

Charles J. Filardi, Jr.
Filardi Law Offices LLC
65 Trumbull Street, 2nd Floor
New Haven, CT 06510
E-Mail:    charles@filardi-law.com

Scott A. McMillan
Evan Kalooky
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941
E-Mail:    scott@mcmillanlaw.us

Charles M. Kagay
Spiegel Liao & Kagay, LLP
388 Market Street, Suite 900
San Francisco, CA 94111
E-Mail:    cmk@slksf.com

Ronald M. Mapel
40 W. Twohig, Suite 213
San Angelo, TX 76903
E-Mail:    mapel@suddenlinkmail.com

Andrea Sheehan
Law Offices of Robert E. Luna, PC
4411 N. Central Expressway
Dallas, TX 75205
E-Mail:    sheehan@txschoollaw.com

David Sachs
Aronberg Goldgehn
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
E-Mail:    dsachs@agdglaw.com

Timothy A. Bortz
U.S. Tax Agent, Bankruptcy Representative
Commonwealth of Pennsylvania
Department of Labor and Industry
Reading Bankruptcy & Compliance Unit
625 Cherry Street, Room 203
Reading, PA 19602
E-Mail:    tbortz@state.pa.us

Luther Dickie Abel
408 South 4th Street
Gadsden, AL 35901
E-Mail:    famouslawyer182@aol.com

Elinor P. Smith
4931 S. Westshore Blvd.
Tampa, FL 33611
E-Mail:    elinorpsmith@hotmail.com

Christopher R. Belmonte
Pamela A. Bosswick
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
E-Mail:    cbelmonte@ssbb.com
             pbosswick@ssbb.com

Laurie Babich
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201
E-Mail:    laurie.d.babich@bakernet.com

Christine E. Devine
Mirick O'Connell DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581
E-Mail:    bankrupt@mirickoconnell.com
           cdevine@mirickoconnell.com

Alfredo R. Perez
Weil Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
E-Mail:    alfredo.perez@weil.com

Ramona Neal
Corporate Counsel
Hewlett-Packard Company
11311 Chinden Blvd.
Mailstop 314
Boise, ID 83714-0021
E-Mail:    Ramona.neal@hp.com

Ken Higman
Sr. Default & Recovery Analyst
Hewlett-Packard Company
2125 E. Katella Avenue, Suite 400
Anaheim, CA 92806
E-Mail:    ken.higman@hp.com

Dennis D. Miller
Stein & Lubin LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
E-Mail:    dmiller@steinlubin.com

Susan Mills Richmond
Lexow, Berbit & Associates, PC
P.O. Box 239
56 Park Avenue
Suffern, NY 10901
E-Mail:    lba@lexowberbit.com

*VIA FIRST CLASS MAIL*

**Debtors**
Idearc Inc.
Attn: Mr. Cody Wilbanks
2200 West Airfield Drive
DFW Airport, TX 75261

George F. McElreath
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Texas Comptroller of Public Accounts
P.O. Box 13528, Capitol Station
Austin, TX 78711

Securities & Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604

U.S. Attorney, Northern District of Texas
Attn: James T. Jacks
1100 Commerce Street, Room 300
Dallas, TX 75242

IRS
1100 Commerce Street
MC 6610 DAL/Room 1021
Dallas, TX 75242

Charles A. Szybist
423 Mulberry Street
Willlamsport, PA 17701