**MILBANK, TWEED, HADLEY & MCCLOY LLP**
Paul S. Aronzon (CA Bar No. 88781)
Mark Shinderman (CA Bar No. 163344)
Haig M. Maghakian (CA Bar No. 221954)
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IDEARC INC., ET AL**

**HAYNES AND BOONE, LLP**
Robin E. Phelan (TX Bar No. 15903000)
Trey A. Monsour (TX Bar No. 14277200)
John D. Penn (TX Bar No. 15752300)
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IDEARC INC., ET AL**

**FULBRIGHT & JAWORSKI, LLP**
Toby L. Gerber (TX # 07813700)
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: 214-855-7171
Facsimile : 214-855-8200

**COUNSEL FOR IDEARC, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 09-31828 (BJH)** |
| **IDEARC, INC.,** *et al.*, | § | |
| | § | **(Chapter 11)** |
| Debtors. | § | **(Jointly Administered)** |
| | § | |

## JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO SECTIONS 105(a), 1128 AND 1129 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 9019(a), FOR AN ORDER APPROVING STIPULATION AND SETTLEMENT AGREEMENT REGARDING (I) AMOUNT AND ALLOWANCE OF SEAN RYAN'S CLAIM, (II) WITHDRAWAL OF MOTIONS, OBJECTIONS AND OTHER PLEADINGS FILED BY SEAN RYAN, AND (III) DISMISSAL OF ADVERSARY PROCEEDING INITIATED BY SEAN RYAN

The debtors and debtors in possession (the "Debtors") and the Official Committee of

Unsecured Creditors (the "Committee") in the above-captioned cases hereby file this joint

motion (the "Motion") for an order approving the stipulation and settlement agreement (the

"Stipulation")[1] entered into by and among the Debtors, the Committee, JPMorgan Chase Bank,

---

[1] A true and correct copy of the proposed Stipulation is attached hereto as Exhibit A.

N.A., as the administrative agent (the "Administrative Agent") to the Lenders,[2] and Sean Ryan

("Ryan"; collectively, the "Parties"). In support of the Motion, the Debtors and the Committee

respectfully state as follows:

## I.    PRELIMINARY STATEMENT

1.      Ryan is a creditor of the Debtors that has asserted certain prepetition tort claims

against the Debtors that are the subject of a prepetition civil action pending in the California

Superior Court, currently on appeal. Ryan, through his counsel, has been actively involved in all

stages of these chapter 11 cases, including, without limitation, the negotiation and development

of the treatment afforded to holders of non-bank/non-bond general unsecured claims against the

Debtors under the Debtors' proposed joint chapter 11 plan of reorganization [Docket No. 1392

(the "Plan"). In addition, Ryan has filed numerous pleadings in these cases, including objections

to the disclosure statement for the Plan and to the confirmation of the Plan, and initiated an

adversary proceeding by filing a complaint naming Verizon, the Administrative Agent and

certain individuals as defendants (the "Ryan Adversary Proceeding").

2.      The Parties have engaged in discussions regarding a consensual resolution of

various issues raised by Ryan with respect to the Plan, the prepetition actions between Ryan and

the Debtors, the Ryan Adversary Proceeding and Ryan's claims asserted against the Debtors

generally. Based on these negotiations, the Parties have reached a settlement of the issues set

forth in the Stipulation attached hereto as Exhibit A. By this Motion, the Debtors and the

Committee jointly seek approval of the Stipulation which provides, in pertinent part, as follows:

    a.      Ryan will withdraw the Ryan Complaint (defined below) and will cause the dismissal
of the Ryan Adversary Proceeding.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan (as
defined below).

b. Ryan will withdraw each of the pleadings he has filed in these cases, including, without limitation, Ryan's objection to confirmation of the Plan.

c. Subject to certain procedures, Ryan will dismiss with prejudice all claims in the Prepetition Actions (defined below) against the debtors, the Reorganized Debtors and the Estates (but not against Verizon).

d. Except for the Allowed Ryan Claim (defined below) and a Substantial Contribution Claim (subject to certain limitations), Ryan will not assert any claims against the Debtors, the Estates, the Administrative Agent, the Lenders, the members and professionals of the Committee, the Indenture Trustee and the Holders of Unsecured Note Claims or any other persons specified in Section 10.8(c) of the Plan; provided that nothing contained in the Stipulation will waive or release the Allowed Ryan Claim against the Debtors or the Estates.

e. Ryan will agree to be bound by the release, waiver and discharge set forth in Section 10.8(c) of the Plan.

f. The Debtors, the Reorganized Debtors and the Estates will release and discharge Ryan from any and all claims, demands or causes of actions arising through and including the date of the Stipulation.

g. Ryan will have a single, Allowed Class 4 General Unsecured Claim in the amount of $1,437,530.03 (the "Allowed Ryan Claim"), which allowed claim Ryan will not amend or modify.

h. On account of the Allowed Ryan Claim, Ryan shall be entitled to his share of the distributions under Subclass 2 of Class 4 of the Plan.

i. The Debtors, the Committee and the Administrative Agent will agree not to object to any motion or application by Ryan and/or his counsel for payment of a Substantial Contribution Claim of no more than $400,000 in the aggregate for any costs and expenses incurred by Ryan and/or his counsel during these chapter 11 cases.

j. Upon the effective date of the Plan, the automatic stay will be terminated on a limited basis to allow Ryan to proceed with the prosecution of the Prepetition Actions (defined below) for any claims or causes of action that Ryan may have against Verizon, subject to the defenses, if any, of Verizon; provided that Ryan shall not prosecute any claims or causes of action against Verizon that belong to the Debtors, the Reorganized Debtors, the Estates and/or are transferred to the Litigation Trust.

3.      As set forth in greater detail below, the Debtors and the Committee believe the settlement with Ryan removes one of the last remaining obstacles to a consensual confirmation of the Plan and the Debtors' timely emergence from these chapter 11 cases. In addition, the Stipulation will permit the estates to avoid the delays and significant costs and expenses

attendant with continued, protracted litigation with Ryan as well as any appeals. Accordingly, the Debtors and the Committee submit that the Stipulation is in the best interests of the Debtors' estates and creditors.

## II.     <u>JURISDICTION AND VENUE</u>

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief are sections 105(a), 1128 and 1129 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## III.     <u>BACKGROUND FACTS</u>

5.     On March 31, 2009, Idearc Inc. and nine of its affiliates each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "<u>Petition Date</u>"). The cases of each of the Debtors being jointly administered with that of Idearc Inc.

6.     On April 14, 2009, the United States Trustee appointed the Committee, which appointment was subsequently amended. No other official committees have been appointed or designated in these chapter 11 cases.

7.     Prior to the Petition Date, Ryan, as plaintiff, and Debtor Idearc Media Sales – West Inc. ("<u>Idearc Media Sales</u>"), as defendant, were parties to that certain civil action titled <u>Sean Ryan vs. Verizon Directories Sales – West, Inc., a Delaware Corporation, and Does 1 through 50</u> pending as Case No. GIN 054512 in the Superior Court of the State of California, County of San Diego – North County Judicial District (the "<u>Prepetition Civil Action</u>"). Following the state court's entry of a judgment in the Prepetition Civil Action in favor of Ryan on certain causes of action and in favor of Idearc Media Sales on others, both Ryan and Idearc Media Sales filed appeals with the California Court of Appeal, docketed as Appeal Nos.

D053060 and D054166 (collectively, the "Prepetition Appeal"; together with the Prepetition

Civil Action, the "Prepetition Actions").  As a result of the Debtors' bankruptcy filing, the

Prepetition Appeal automatically has been stayed and the Prepetition Actions remain unresolved.

8.      On or about August 10, 2009, Ryan filed two separate proofs of claim against

Idearc Inc. on account of his claims asserted in the Prepetition Actions, each in the amount of

$1,437,530.03 (the "Ryan Claims"), which were docketed as claim numbers 1717 and 1951 on

the claims register.  True and correct copies of the Ryan Claims are attached hereto as Exhibit A.

9.      On July 13, 2009, Ryan filed a complaint (the "Ryan Complaint") in the

Bankruptcy Court naming Verizon Communications, Inc., certain individuals, and the

Administrative Agent as defendants and initiated the adversary proceeding titled Ryan v.

Verizon Communications, Inc., et al., Case No. 09-03219 (BJH) (the "Ryan Adversary

Proceeding").

10.      In addition to the Ryan Complaint, Ryan has filed various other motions,

objections, and other pleadings (together with the Ryan Complaint, the "Ryan Pleadings") during

the course of these chapter 11 cases, including, without limitation, an objection to confirmation

of the Plan [Docket No. 1343] (the "Ryan Confirmation Objection").[3]  A non-exclusive list of

the Ryan Pleadings is attached to the proposed Stipulation as Exhibit B.

## IV.      RELIEF REQUESTED

11.      By this Motion, the Debtors and the Committee jointly request that the Court

enter an order, pursuant to section 105(a) of the Bankruptcy Code and Rule 9019(a) of the

Bankruptcy Rules, approving the Stipulation.

---

[3] The Prepetition Actions, the Ryan Claims, the Ryan Adversary Proceeding and the Ryan Pleadings are
collectively referred to as the "Ryan Matters."

## V.     BASIS FOR RELIEF REQUESTED

### A.     Standards for Approving Settlement

12.     "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." In re Mirant Corp., 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case.  In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03m (15th ed. Rev. 1993)).

13.     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); 11 U.S.C. § 1107. Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "'fair and equitable and in the best interest of the estate.'"  In re Cajun Elec. Power Coop., Inc., 119 F.3d 349, 355 (5th Cir. 1997).

14.     A decision to accept or to reject a compromise or settlement is within the sound discretion of the Court. See 9 Collier on Bankruptcy at ¶ 9019.02.  The settlement need not result in the best possible outcome for the debtor, but must not "'fall beneath the lowest point in the range of reasonableness.'" In re Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)). Essential to the process of evaluating proposed settlements, then, "is the need to compare the terms of the compromise with the likely rewards of litigation." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 425 (1968).

15.     To determine whether a settlement is fair and equitable, this Court should consider and evaluate the following factors:  (i) the probability of success in the litigation, with due consideration for uncertainty in fact and law; (ii) the complexity and likely duration of the

litigation and any attendant expense, inconvenience and delay; and (iii) all other factors bearing on the wisdom of the compromise.  See Cajun Electric, 119 F.3d at 356 (citations omitted). While a court must "evaluate ... all... factors relevant to a fair and full assessment of the wisdom of the proposed compromise," Anderson, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, W.T. Grant Co., 699 F.2d at 608, or conduct a full independent investigation. Drexel Burnham Lambert Group, 134 B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact .... The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994).

16.     The court may give weight to the "informed judgments of the ... debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." Drexel Burnham Lambert Group, 134 B.R. at 505 (internal citations omitted); see also In re Ashford Hotels Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness").

17.     The Debtors and the Committee each have concluded that the settlement with Ryan permits the Debtors to move forward with the confirmation of the Plan and emerge timely from these chapter 11 cases.  In addition, the Debtors and the Committee believe that the Stipulation satisfies each of the Cajun-Electric factors.

18.     Indeed, the Stipulation will resolve one of the few remaining substantive objections to confirmation of the Plan.  While the Debtors and the Committee remain confident that the Ryan Confirmation Objection eventually would be overcome, there always remains an

inherent uncertainty in the resolution of confirmation objections and the time delays associated with litigation.

19.     Furthermore, the impact of the outcome of the Ryan Adversary Proceeding on Plan confirmation remains unclear.  As filed, the Ryan Adversary Proceeding constitutes a formal objection to the claims of the Administrative Agent and the Lenders, and includes a demand that the Lenders' secured claims be subordinated to the claims of Ryan.  While the Administrative Agent remains confident that the validity and priority of the claims of the Administrative Agent and the Lenders would have been upheld in the Ryan Adversary Proceeding, the Ryan Adversary Proceeding potentially is intertwined with Plan confirmation and could impact the Plan's proposed distributions.

20.     Likewise, absent the Stipulation, the ultimate outcome of the Prepetition Actions, including the Prepetition Appeal, and the final resolution, and particularly the magnitude, of the Ryan Claims remain unknown.

21.     In addition to the inherent uncertainties in the outcome of the Ryan Matters, the continued litigation of those actions and claims would impose a significant burden on the Debtors and the estates, both in terms of time and costs.  As evident from the level of Mr. Ryan's involvement in these cases, the prospect of continued, protracted litigation with respect to the Ryan Matters is real.  Even if some or all of the Ryan Matters are resolved by this Court, the likelihood of appeals remains significant.  Thus, absent the Stipulation, the Parties would continue with prolonged litigation that potentially could delay confirmation of the Plan to the detriment of all the estates' creditors.

22.     The Stipulation also eliminates the need for the Debtors, the Committee, and the Administrative Agent to continue expending estate resources litigating the Ryan Matters.

Indeed, such litigation could continue to be costly.  By approving the Stipulation, the Court will permit the Parties to focus their efforts on assisting the Debtors in promptly emerging from chapter 11 and maximizing their value for all constituencies.

23.    In light of the foregoing, the Debtors and the Committee submit that the Stipulation is fair and equitable and in the best interests of the estates.

*[The remainder of this page intentionally left blank.]*

## VI.    <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth in this Motion, the Debtors and the Committee respectfully request that this Court: (a) enter an order approving the Stipulation; and (b) grant such other relief as the Court may deem just and proper.

Dated: December 1, 2009

> Paul S. Aronzon (CA Bar No. 88781)
> Mark Shinderman (CA Bar No. 163344)
> Haig M. Maghakian (CA Bar No. 221954)
> MILBANK, TWEED, HADLEY & McCLOY LLP
> 601 S. Figueroa Street, 30th Floor
> Los Angeles, CA 90017
> Telephone: (213) 892-4000
> Facsimile: (213) 629-5063
>
> -and-
>
> By:     /s/ Trey A. Monsour
> Robin E. Phelan (TX Bar No. 15903000)
> Trey A. Monsour (TX Bar No. 14277200)
> John D. Penn (TX Bar No. 15752300)
> HAYNES AND BOONE, LLP
> 2323 Victory Avenue, Suite 700
> Dallas, Texas 75219
> Telephone: (214) 651-5000
> Facsimile: (214) 651-5940
>
> COUNSEL FOR THE OFFICIAL
> COMMITTEE OF UNSECURED CREDITORS
>
>
> Toby L. Gerber (TX Bar No. 07813700)
> FULBRIGHT & JAWORSKI, LLP
> 2200 Ross Avenue, Suite 2800
> Dallas, TX 75201
> Phone: 214-855-7171
> Fax: 214-855-8200
>
> COUNSEL FOR IDEARC, INC. AND ITS
> AFFILIATED DEBTORS AND DEBTORS IN
> POSSESSION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 1, 2009, a true and correct copy of the foregoing document was served upon all parties on the attached Master Service List via e-mail or United States first class mail, postage prepaid, as indicated, in accordance with the Federal Rules of Bankruptcy Procedure and by e-mail upon the parties that receive notifications in this case pursuant to the Court's ECF system.

/s/ Trey Monsour
Trey Monsour

## MASTER SERVICE LIST
(as of November 3, 2009)

*VIA E-MAIL*

**Counsel for the Debtors**
Toby L. Gerber
Kristian W. Gluck
Ryan E. Manns
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
E-Mail:    tgerber@fulbright.com
              kgluck@fulbright.com
              rmanns@fulbright.com

**Counsel for the Debtors**
Berry D. Spears
Anna M. Mendez
Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
E-Mail:    bspears@fulbright.com
              amendez@fulbright.com

**Counsel for Administrative Agent**
Steven M. Fuhrman
Elisha D. Graff
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
E-Mail:    sfuhrman@stblaw.com
              egraff@stblaw.com

**Texas Counsel for Administrative Agent**
Daniel C. Stewart
William Wallander
Rebecca Petereit
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
E-Mail:    dstewart@velaw.com
              bwallander@velaw.com
              rpetereit@velaw.com

Diana Jacobs
U.S. Bank National Association
1420 Fifth Avenue, 7th Floor
Seattle, WA 98101
E-Mail:    diana.jacobs@usbank.com

Rebwar Berzinji
Ahab Capital Management, Inc.
299 Park Avenue, 17th Floor
New York, NY 10171
E-Mail:    rb@ahabcap.com

Alex Zyngier
Smith Management LLC
885 Third Avenue
New York, NY 10022
E-Mail:    azyngier@smithnyc.com

Nate Schwartz
Techniservice
738 West Cypress Street
P.O. Box 817
Kennett Square, PA 19348
E-Mail:    nschwartz@techniservice.com

Patrick O'Neil
Communication Workers of America
35 Edes Road
Cumberland, ME 04021
E-Mail:    patrickeoneil@gmail.com

Dan Pevonka
RR Donnelley Credit Services
3075 Highland Parkway
Downers Grove, IL 60515
E-Mail:    dan.pevonka@rrd.com

**Counsel for Unsecured Creditors'**
**Committee:**
Mark Shinderman
Haig M. Maghakian
Linda Dakin-Grimm
Dan Perry
Milbank, Tweed, Hadley & McCloy, LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
E-Mail:    mshinderman@milbank.com
           hmaghakian@milbank.com
           ldakin-grimm@milbank.com
           dperry@milbank.com

**Local Counsel for Unsecured Creditors'**
**Committee:**
Trey Monsour
Frances Smith
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
E-Mail:    trey.monsour@haynesboone.com
           frances.smith@haynesboone.com

Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott
P.O. Box 13430
Arlington, TX 76094
E-Mail:    arlbank@pbfcm.com

David McCarty
T. William Opdyke
Kyle J. Mathews
Sheppard Mullin
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
E-Mail:    wopdyke@sheppardmullin.com
           dmccarty@sheppardmullin.com
           kmathews@sheppardmullin.com

Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201
E-Mail:    dallas.bankruptcy@publicans.com

Bruce Simon
Richard Seltzer
Joseph Vitale
Cohen, Weiss and Simon, LLP
330 West 42nd Street
New York, NY 10036
E-Mail:    bsimon@cwsny.com
           rseltzer@cwsny.com
           jvitale@cwsny.com

Sanford R. Denison
Baab & Denison, LLP
2777 N. Stemmons Freeway, Suite 1100
Dallas, TX 75207
E-Mail:    denison@baabdenison.com

Jeffrey R. Fine
Daniel I. Morenoff
K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
E-Mail:    jeff.fine@klgates.com
           dan.morenoff@klgates.com

Jill Levi
David B. Rosenberg
Todd & Levi, LLP
444 Madison Avenue, Suite 1202
New York, NY 10022
E-Mail:    jlevi@toddlevi.com
           drosenberg@toddlevi.com

J. Scott Douglass
909 Fannin Street, Suite 1800
Houston, TX 77010
E-Mail:    jsdlaw@msn.com

William A. Frazell
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711
E-Mail:    bill.frazell@oag.state.tx.us

Scott E. Blakeley
Blakeley & Blakeley LLP
4685 MacArthur Court, Suite 421
Newport Beach, CA 92660
E-Mail:    seb@blakeleyllp.com

Bruce J. Ruzinsky
D. Elaine Conway
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010
E-Mail:    bruzinsky@jw.com
           econway@jw.com

Robert G. Richardson
Heather M. Forrest
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, TX 75202
E-Mail:    rrichardson@jw.com
           hforrest@jw.com

Scott K. Brown
Lewis and Roca LLP
40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
E-Mail:    sbrown@lrlaw.com

Hugh P. Hughes
P.O. Box 300
Sumterville, FL 33585
E-Mail:    hphughes@webtv.net

Charles J. Filardi, Jr.
Filardi Law Offices LLC
65 Trumbull Street, 2nd Floor
New Haven, CT 06510
E-Mail:    charles@filardi-law.com

Scott A. McMillan
Evan Kalooky
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941
E-Mail:    scott@mcmillanlaw.us

Charles M. Kagay
Spiegel Liao & Kagay, LLP
388 Market Street, Suite 900
San Francisco, CA 94111
E-Mail:    cmk@slksf.com
Ronald M. Mapel
40 W. Twohig, Suite 213
San Angelo, TX 76903
E-Mail:    mapel@suddenlinkmail.com

Andrea Sheehan
Law Offices of Robert E. Luna, PC
4411 N. Central Expressway
Dallas, TX 75205
E-Mail:    sheehan@txschoollaw.com

David Sachs
Aronberg Goldgehn
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
E-Mail:    dsachs@agdglaw.com

Timothy A. Bortz
U.S. Tax Agent, Bankruptcy Representative
Commonwealth of Pennsylvania
Department of Labor and Industry
Reading Bankruptcy & Compliance Unit
625 Cherry Street, Room 203
Reading, PA 19602
E-Mail:    tbortz@state.pa.us

Luther Dickie Abel
408 South 4th Street
Gadsden, AL 35901
E-Mail:    famouslawyer182@aol.com

Elinor P. Smith
4931 S. Westshore Blvd.
Tampa, FL 33611
E-Mail:    elinorpsmithpa@hotmail.com

Christopher R. Belmonte
Pamela A. Bosswick
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
E-Mail:    cbelmonte@ssbb.com
           pbosswick@ssbb.com

Laurie Babich
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201
E-Mail:    laurie.d.babich@bakernet.com

Christine E. Devine
Mirick O'Connell DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581
E-Mail:    bankrupt@mirickoconnell.com
           cdevine@mirickoconnell.com

Alfredo R. Perez
Weil Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
E-Mail:     alfredo.perez@weil.com

Ramona Neal
Corporate Counsel
Hewlett-Packard Company
11311 Chinden Blvd.
Mailstop 314
Boise, ID 83714-0021
E-Mail:     Ramona.neal@hp.com

Ken Higman
Sr. Default & Recovery Analyst
Hewlett-Packard Company
2125 E. Katella Avenue, Suite 400
Anaheim, CA 92806
E-Mail:     ken.higman@hp.com

Dennis D. Miller
Stein & Lubin LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
E-Mail:     dmiller@steinlubin.com

Susan Mills Richmond
Lexow, Berbit & Associates, PC
P.O. Box 239
56 Park Avenue
Suffern, NY 10901
E-Mail:     lba@lexowberbit.com

Kim R. Lynch
Forman Holt Eliades & Ravin LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652
E-Mail:     klynch@formanlaw.com

Paul B. Turner
Sutherland Asbill & Brennan LLP
Two Houston Center
919 Fannin, Suite 2200
Houston, TX 77010
E-Mail:     paul.turner@sutherland.com

Mark D. Sherrill
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
E-Mail:     mark.sherrill@sutherland.com

Joe E. Marshall
Jonathan L. Howell
Munsch Hardt Kopf & Harr, PC
500 N. Akard Street, Suite 3800
Dallas, TX 75201
E-Mail:     jmarshall@munsch.com
            jhowell@munsch.com

Nicholas A. Foley
David Ellerbe
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, TX 75201
E-Mail:     nfoley@neliganlaw.com
            dellerbe@neliganlaw.com

Mark E. Andrews
Aaron Kaufman
Cox Smith Matthews Incorporated
1201 Elm Street, Suite 3300
Dallas, TX 75270
E-Mail:     mandrews@coxsmith.com
            akaufman@coxsmith.com

Kevin M. Lippman
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
E-Mail:     klippman@munsch.com

Shawn M. Christianson
Buchalter Nemer, PC
333 Market Street, 25th Floor
San Francisco, CA 94105
E-Mail:     schristianson@buchalter.com

Patti Davidson
Chief Deputy Treasurer
Pima County Treasurer
115 N. Church Avenue
Tucson, AZ 85701
E-Mail:     pcaocvbk@pacao.pima.gov

Craig Billings Miller
Neider & Boucher, SC
400 Science Drive, Suite 300
Madison, WI 53711
E-Mail:    cmiller@neiderboucher.com

Shawn B. Rediger
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101
E-Mail:    srediger@williamskastner.com

Mary Jo Heston
Steven B. Winters
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101
E-Mail:    hestonm@lanepowell.com
           campbelld@lanepowell.com
           winterss@lanepowell.com
           sea.bankruptcy.ecf@lanepowell.com
           docketing-sea@lanepowell.com

Grant Cook
The Cook Law Firm
5701 Woodway, Suite 330
Houston, TX 77057
E-Mail:    gcook@cooklawonline.com

Mack Ed Swindle
Whitaker, Chalk, Swindle & Sawyer, LLP
301 Commerce Street, Suite 3500
Fort Worth, TX 76102
E-Mail:    mswindle@whitakerchalk.com

Larry K. Hercules
Larry K. Hercules, Attorney at Law
1400 Preston Road, Suite 280
Plano, TX 75205
E-Mail:    lkhercules@yahoo.com

Peter Talbot
554 Rosemary Circle
Media, PA 19063
E-Mail:    waterlaw1@verizon.net

Martha E. Romero
Romero Law Firm
BMR Professional Building
6516 Bright Avenue
Whittier, CA 90601
E-Mail:    romero@mromerolawfirm.com

Frederick W. H. Carter
Julia A. Karwowski
Venable LLP
575 7th Street, NW
Washington, DC 20004
E-Mail:    fwcarter@venable.com
           jakarwowski@venable.com

Peter Franklin
Erin K. Lovall
Franklin Skierski Lovall Hayward LLP
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
E-Mail:    pfranklin@fslhlaw.com
           elovall@fslhlaw.com

David N. Ravin
Carlos G. Manalansan
Wolff & Samson PC
One Boland Drive
West Orange, NJ 07052
E-Mail:    dravin@wolffsamson.com
           cmanalansan@wolffsamson.com

Thomas Isenberg
J. Goldman & Co.
152 W. 57th Street, 48th Floor
New York, NY 10019
E-Mail:    tisenberg@jgoldman.net

George Rosenberg
5334 S. Prince Street
Littleton, CO 80166
E-Mail:    grosenberg@co.arapahoe.co.us
           jholmgren@co.arapahoe.co.us

Dana S. Plon
Sirlin Gallogly & Lesser, PC
1529 Walnut Street, Suite 600
Philadelphia, PA 19102
E-Mail:    dplon@sirlinlaw.com

Michael S. Etkin
Ira M. Levee
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068
E-Mail:    metkin@lowenstein.com
           ilevee@lowenstein.com

Darren J. Robbins
Ellen Gusikoff Stewart
Danielle J.Myers
Coughlin Stoia Geller Rudman
   & Robbins, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
E-Mail:    darrenr@csgrr.com
           elleng@csgrr.com
           danim@csgrr.com

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
E-Mail:    ffm@bostonbusinesslaw.com

Stephen C. Tingey
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
PO Box 45385
Salt Lake City, UT 84145
E-Mail:    stingey@rqn.com

**VIA FIRST CLASS MAIL**

**Debtors**
Idearc Inc.
Attn: Mr. Cody Wilbanks
2200 West Airfield Drive
P.O. Box 619810
DFW Airport, TX 75261

George F. McElreath
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Texas Comptroller of Public Accounts
P.O. Box 13528, Capitol Station
Austin, TX 78711

Securities & Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604

U.S. Attorney, Northern District of Texas
Attn: James T. Jacks
1100 Commerce Street, Room 300
Dallas, TX 75242

IRS
1100 Commerce Street
MC 6610 DAL/Room 1021
Dallas, TX 75242

Charles A. Szybist
423 Mulberry Street
Willlamsport, PA 17701

Vicky Namken
IBM Corporation
13800 Diplomat Drive
Dallas, TX 75234

Hollie N. Hawn
Broward County Revenue Collection Div.
Bankruptcy and Litigation Section
Government Center Annex
115 S. Andrews Avenue
Fort Lauderdale, FL 33301

Man-Ling Kua, Tax Services Clerk I
L.A. County Treasurer and Tax Collector
P.O. Box 54110
Los Angeles, CA 90054

Angela Dodd
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, IL 60604

Marvin T. Durbin
Durbin & Durbin, LLP
600 Rand Building
Buffalo, NY 14202

Richard J. Maseles
Special Assistant Attorney General
Missouri Department of Revenue
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO 65101

Reedy Macque Spigner
Spigner & Gallerson, PC
555 Republic Drive, Suite 101
Plano, TX 75074

Tennessee Dept. of Revenue
c/o TN Attorney General's Office
  Bankruptcy Division
PO Box 20207
Nashville, TN 37202

# EXHIBIT "A"

**MILBANK, TWEED, HADLEY & McCLOY LLP**
Paul S. Aronzon (CA Bar No. 88781)
Mark Shinderman (CA Bar No. 163344)
Haig M. Maghakian (CA Bar No. 221954)
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IDEARC INC., ET AL**

**HAYNES AND BOONE, LLP**
Robin E. Phelan (TX Bar No. 15903000)
Trey A. Monsour (TX Bar No. 14277200)
John D. Penn (TX Bar No. 15752300)
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IDEARC INC., ET AL**

**McMILLAN LAW FIRM, APC**
Scott A. McMillan (CA Bar No. 212506)
4670 Nebo Ave., Suite 200
San Diego, CA 91941-5230
Telephone: (619) 464-1500
Facsimile: (206) 600-5095

**COUNSEL FOR SEAN RYAN**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 09-31828 (BJH)** |
| **IDEARC, INC.,** *et al.*, | § | |
| | § | **(Chapter 11)** |
| Debtors. | § | **(Jointly Administered)** |
| | § | |

## STIPULATION BY AND AMONG THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE ADMINISTRATIVE AGENT TO THE PREPETITION SECURED LENDERS AND SEAN RYAN REGARDING (I) AMOUNT AND ALLOWANCE OF CLAIM, (II) WITHDRAWAL OF MOTIONS, OBJECTIONS AND OTHER PLEADINGS, AND (III) DISMISSAL OF <u>ADVERSARY PROCEEDING; AND ORDER THEREON</u>

This stipulation and settlement agreement (the "Stipulation") is entered into by and

among the above-captioned debtors and debtors in possession (the "Debtors"), the Official

Committee of Unsecured Creditors (the "Committee"), JPMorgan Chase Bank, N.A., as the

administrative agent (the "Administrative Agent") to the Lenders,[1] and Sean Ryan (including his

heirs, agents and attorneys, "Ryan"; collectively, the "Parties") with respect to the following

facts and recitals:

A.    On March 31, 2009, the Debtors filed their voluntary petitions for chapter 11

relief (the "Petition Date").

B.    On September 8, 2009, the Debtors filed their First Amended Joint Plan of

Reorganization of Idearc Inc., *et al*., Debtors [Docket No. 915].  On November 19, 2009, the

Debtors filed a modified form of the first amended plan which incorporated certain terms of a

global settlement reached among the Debtors, the Committee, the Administrative Agent,

MatlinPatterson Global Opportunities Partners III LP and MatlinPatterson Global Opportunities

Partners (Cayman) III LP [Docket No. 1392] (as modified, the "Plan").

C.    Prior to the Petition Date, Ryan, as plaintiff, and Debtor Idearc Media Sales –

West Inc. ("Idearc Media Sales"), as defendant, were parties to that certain civil action titled

<u>Sean Ryan vs. Verizon Directories Sales – West, Inc., a Delaware Corporation, and Does 1</u>

<u>through 50</u> pending as Case No. GIN 054512 in the Superior Court of  the State of California,

County of San Diego – North County Judicial District (the "Prepetition Civil Action").

Following the state court's entry of a judgment in the Prepetition Civil Action in favor of Ryan

on certain causes of action and in favor of Idearc Media Sales on others, both Ryan and Idearc

Media Sales filed appeals with the California Court of Appeal, docketed as Appeal Nos.

D053060 and D054166 (collectively, the "Prepetition Appeal"; together with the Prepetition

Civil Action, the "Prepetition Actions").  As a result of the Debtors' bankruptcy filing, the

Prepetition Appeal automatically has been stayed and the Prepetition Actions remain unresolved.

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan
(defined below).

D.      On or about August 10, 2009, Ryan filed two separate proofs of claim against

Idearc Inc. on account of his claims asserted in the Prepetition Actions, each in the amount of

$1,437,530.03 (the "Ryan Claims"), which were docketed as claim numbers 1717 and 1951 on

the claims register.  As of the date of this Stipulation, Ryan has not assigned or transferred the

Ryan Claims.  True and correct copies of the Ryan Claims are attached hereto as Exhibit A.

E.      On July 13, 2009, Ryan filed a complaint (the "Ryan Complaint") in the

Bankruptcy Court naming Verizon Communications, Inc. ("Verizon"), certain individuals, and

the Administrative Agent as defendants and initiated the adversary proceeding titled Ryan v.

Verizon Communications, Inc., et al., Case No. 09-03219 (BJH) (the "Ryan Adversary

Proceeding").

F.      In addition to the Ryan Complaint, Ryan has filed various other motions,

objections, and other pleadings (together with the Ryan Complaint, the "Ryan Pleadings") during

the course of the Chapter 11 Cases, including, without limitation, an objection to confirmation of

the Plan [Docket No. 1343] (the "Ryan Confirmation Objection").

G.      The Parties have been engaged in discussions regarding a consensual resolution of

various issues relating to the Plan, the Prepetition Actions,  the Ryan Adversary Proceeding, the

Ryan Pleadings and the Ryan Claims.  Based on those discussions, the Parties have reached a

settlement of those issues as more specifically set forth below.

NOW THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and

agree as follows:

1.      Except as set forth below in paragraph 10, the recitals and agreements set forth

herein shall not become effective or binding and shall not have any precedential effect until such

time that the Bankruptcy Court enters, and are conditioned upon the Bankruptcy Court's entry of, (i) an order approving this Stipulation and (ii) an order confirming the Plan.

2.      Ryan shall withdraw the Ryan Complaint and promptly shall cause the dismissal of the Ryan Adversary Proceeding.  This dismissal shall be with prejudice as to JPMorgan Chase Bank, N.A. and as to any defendant that is a past or present officer or employee of an Idearc entity, and without prejudice as to any other defendant, specifically including Verizon.

3.      Ryan shall withdraw each of the Ryan Pleadings specified on Exhibit B attached hereto, including, without limitation, the Ryan Confirmation Objection.  This withdrawal shall be with prejudice as to the Debtors, the Reorganized Debtors, the Estates, the Administrative Agent, the Committee and each of the foregoing entity's advisors and professionals, but without prejudice as to Verizon.  As hereinafter described, Ryan shall dismiss with prejudice all claims in the Prepetition Actions against the Debtors, the Reorganized Debtors and the Estates (but not against Verizon).  Such withdrawal and dismissal shall not inure to the benefit of Verizon, nor does Ryan by entering into this Stipulation consent to the "transfer of the burden of an obligation" as that language is used in California Civil Code section 1457.

4.      For all purposes of the Plan and the Chapter 11 Cases, Ryan shall have a single Allowed Class 4 General Unsecured Claim in the amount of $1,437,530.03 (the "Allowed Ryan Claim").  Ryan shall not amend or modify the Allowed Ryan Claim.

5.      Except for the Allowed Ryan Claim and a Substantial Contribution Claim (subject to paragraph 8 below), Ryan shall not assert any Claims against the Debtors (including their current, former and future directors, officers and employees), the Reorganized Debtors (including their current, former and future directors, officers and employees), the Estates, the Administrative Agent, the Lenders, the members and professionals of the Committee, the

Indenture Trustee, and the Holders of Unsecured Note Claims or any other persons specified in

Section 10.8(c) of the Plan, and Ryan hereby agrees to be bound by the release, waiver and

discharge set forth in section 10.8(c) of the Plan. Nothing contained herein shall waive or release

the Allowed Ryan Claim against the Debtors or the Estates.

6. Each of the Debtors, the Reorganized Debtors and the Estates (each a

"Releasing Party") shall release and forever discharge Ryan from any and all claims, demands or

causes of action of any kind, nature or description which any Releasing Party has had, now has

or has made claim to have against Ryan for or by reason of any act, omission, matter, cause or

thing whatsoever arising from the beginning of time to and including the date of this Stipulation,

whether such claims, demands and causes of action are matured or unmatured or known or

unknown. Each Releasing Party further represents, warrants and acknowledges that (i) it has

been advised by counsel with respect to the releases contained in the Release Provision and (ii) is

familiar with and voluntarily waives all of the rights and benefits which it has or may have in the

future under any statute in any applicable jurisdiction which provides that a release may not

apply to material unknown claims, including, without limitation, any right or benefit arising from

Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release, which if known by him must have materially affected
> his settlement with the debtor.

Each Releasing Party hereby affirms its intent, upon the satisfaction of the conditions set forth in

paragraph 1 above, to waive such unknown claims and to waive any statutory protection

available in any applicable jurisdiction with respect thereto.

7.      On account of the Allowed Ryan Claim, Ryan shall be entitled to receive his share of the distributions provided for Subclass 2 of Class 4 as set forth in the Plan (the "Ryan Distribution"), and any portion of the Allowed Ryan Claim that is greater than the Ryan Distribution shall remain unpaid by the Debtors, the Reorganized Debtors or the Estates.  Other than the Ryan Distribution, Ryan acknowledges that any and all other rights to recoveries from the Debtors, the Reorganized Debtors or the Estates with respect to the Allowed Ryan Claim or any other prepetition claims (including the Prepetition Actions as they relate to the Debtors, the Reorganized Debtors or the Estates only) or postpetition claims (except for any Substantial Contribution Claim), including, without limitation, the right to elect to participate in Subclass 1 of Class 4 as set forth in the Plan, are discharged pursuant to the Plan.

8.      Each of the Debtors, the Committee and the Administrative Agent hereby agrees that it shall not object to any motion or application by Ryan or its counsel, The McMillan Law Firm, APC and Spiegel Liao & Kagay, LLP (collectively, "Ryan Counsel"), for payment of a Substantial Contribution Claim of no more than $400,000 in the aggregate for any costs and expenses incurred by Ryan or Ryan Counsel during the Chapter 11 Cases; provided that, pursuant to Section 10.1 of the Plan, Ryan or Ryan Counsel must file any such motion or application for payment of a Substantial Contribution Claim on or before the date that is sixty (60) days after the Effective Date of the Plan.

9.      Upon the Effective Date, Ryan's pending motion for relief from the automatic stay shall resolved, in that the automatic stay shall be terminated on a limited basis to allow Ryan to proceed with the prosecution of the Prepetition Actions for any claims or causes of action that Ryan may have against Verizon (the "Ryan Verizon Claims") subject to the defenses, if any, of Verizon; provided that the Ryan Verizon Claims shall not include, and Ryan shall not prosecute,

any claims or causes of action against Verizon, or any of its affiliates or current or former directors or officers, that belong to the Debtors, the Reorganized Debtors, the Estates and/or that are transferred to Litigation Trust.  Nothing in this Stipulation (a) shall be construed as a release by Ryan of any of the Ryan Verizon Claims or (b) impair or restrict in any way Ryan's ability to prosecute the Ryan Verizon Claims, including, without limitation, engaging in any third party discovery or subpoenaing any third party witnesses.  For the avoidance of doubt, the Prepetition Actions shall not be dismissed as to the Debtors following the effectiveness of this Stipulation until Ryan shall have had a reasonable opportunity to substitute Verizon into the Prepetition Actions, provided that the Debtors (including their current, former and future directors, officers and employees), the Reorganized Debtors (including their current, former and future directors, officers and employees) and the Estates shall have no liability (monetary or otherwise) to Ryan, directly or indirectly, in connection with or as a result of the Prepetition Actions or the Ryan Verizon Claims.

10.     Effectively immediately, all hearings on any of the Ryan Pleadings, as well as the deadline for filing a response relating to any such pleading, shall be continued until such time that the Court enters an order regarding this Stipulation.

11.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or other matters relating to this Stipulation.

*[The remainder of this page intentionally left blank.]*

Dated: December 1, 2009

**AGREED TO BY:**

| | |
|---|---|
| **IDEARC INC., ET AL.,** **DEBTORS AND DEBTORS IN** **POSSESSION** | **OFFICIAL COMMITTEE OF** **UNSECURED CREDITORS** |

By: ___/s/ Toby L. Gerber_____     By: ___/s/ Haig M. Maghakian_____

| | |
|---|---|
| FULBRIGHT & JAWORSKI LLP | MILBANK, TWEED, HADLEY & MCCLOY LLP |
| Toby L. Gerber | Paul Aronzon |
| Kristian W. Gluck | Mark Shinderman |
| Ryan E. Manns | Haig M. Maghakian |
| 2200 Ross Avenue - Suite 2800 | 601 S. Figueroa Street, 30th Floor |
| Dallas, TX 75201 | Los Angeles, CA 90017 |
| Telephone: (214) 855-800 | Telephone: (213) 892-4000 |
| Facsimile: (214) 855-8200 | Facsimile: (213) 629-5063 |

| | |
|---|---|
| *Counsel to the Debtors and Debtors in* *Possession* | *Counsel to the Official Committee of Unsecured* *Creditors* |

| | |
|---|---|
| **ADMINISTRATIVE AGENT FOR THE** **PREPETITION SECURED LENDERS** | **SEAN RYAN** |

By: ___/s/ Steve M. Fuhrman_____     By: ___/s/ Scott A. McMillan_____

| | |
|---|---|
| SIMPSON THATCHER & BARTLETT LLP | THE MCMILLAN LAW FIRM, APC |
| Steve M. Fuhrman | Scott A. McMillan |
| Elisha D. Graff | Evan Kalooky |
| 425 Lexington Avenue | 4670 Nebo Drive, Suite 200 |
| New York, NY, 10017 | La Mesa, CA 91941-5230 |
| Telephone: (212) 455-2000 | Telephone: (619) 464-1500 |
| Facsimile: (212) 455-2502 | Facsimile: (206) 600-5095 |

| | |
|---|---|
| *Counsel to the Administrative Agent for the* *Prepetition Secured Lenders* | *Counsel to Sean Ryan* |

Signed this ___ day of _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**<u>Sean Ryan Proofs of Claim</u>**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Idearc Inc., et al. | Case Number: 09-31828 (BJH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Sean Ryan | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: Sean Ryan c/o The McMillan Law Firm, APC 4670 Nebo Drive, Suite 200, La Mesa, CA 91941-5230  Telephone number: (619) 464-1500 | **Court Claim Number:**_____ (*If known*)  Filed on:_____ |
| Name and address where payment should be sent (if different from above):   Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

| **1. Amount of Claim as of Date Case Filed:**        $        1,437,530.03 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  See attached
  (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

  **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

  Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
  Describe:

  Value of Property:$_____   Annual Interest Rate___%

  Amount of arrearage and other charges as of time case filed included in secured claim,

  if any: $_____   Basis for perfection: _____

  Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUME
SCANNING.

If the documents are not available, please

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

0931828090810000000000252

| Date: 08/10/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY  RECEIVED  AUG 10 2009 |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

KURTZMAN CARSON CONSULTANTS

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

2. Basis for claim. Sean Ryan is a former employee of Verizon Media Sales – West Inc., a wholly-owned subsidiary of Verizon Communications, Inc. (collectively, "Verizon"). Mr. Ryan sued in contract and tort for liabilities it owed him in connection with its termination of his employment. During the pendency of the action, Verizon assigned its liabilities to Idearc, and Idearc voluntarily assumed those liabilities by appearing in and defending Mr. Ryan's lawsuit against Verizon. Under operation of California law, Idearc in accepting this assignment assumed the liability to satisfy Verizon's obligations, although Verizon also remains liable to Mr. Ryan unless and until these obligations are satisfied. Cal. Civ. Code § 1457; *Anderson v. De Urioste* (1892) 96 Cal. 404, 407-408; *Wiseman v. Sklar* (1930) 104 Cal.App. 369, 374.

Following a jury trial, the California Superior Court awarded Mr. Ryan $55,511.92 in damages and penalties, $12,976.50 in costs, and $104,102.50 in attorneys' fees. Both Mr. Ryan and Idearc appealed the judgment of the California Superior Court, and the appeals were partially briefed when the bankruptcy of Idearc resulted in an automatic stay of proceedings.

In appealing the judgment of the California Superior Court, Mr. Ryan is asserting that he is legally entitled to have the Superior Court judgment altered to award him an additional $500,000 in damages and $ in attorneys' fees, over and above what has been awarded to him to date. Furthermore, before the automatic stay came into effect, Mr. Ryan expended an additional $121,576 in costs and attorneys' fees in pursuing his California state court appeal against Idearc and Verizon, to which he would be entitled by operation of California law for securing his claim under the California Labor Code, if his appeal is successful. Furthermore, Mr. Ryan has necessarily expended an additional $ 102,600 in attorneys' fees and costs in this court, to which he would for the same reason be entitled by operation of California law as necessary to securing his rights under the California Labor Code.

Consequently, Mr. Ryan has the following claims against Idearc:

| | |
|---|---|
| Compensatory damages and penalties awarded by California Superior Court | $55,511.92 |
| Attorneys' fees and costs awarded by California Superior Court | $ 117,079.03 |
| Compensatory damages sought in California Court of Appeal | $ 500,000 |
| Attorneys' fees and costs sought in California Court of Appeal | $ 643,363 |
| Attorneys' fees and costs expended in California appeals | $ 121,576 |

Case 09-31928-bjh11 Doc 1489 Filed 12/01/09 Entered 12/01/09 15:50:25 Page 32 of 38
Case 09-31828-bjh11 Claim 13-1 Filed 08/10/09 Desc Main Document Page 1 of 3

#1951

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Idearc Inc., et al. | Case Number:<br>09-31828 (BJH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Sean Ryan | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Sean Ryan c/o The McMillan Law Firm, APC<br>4670 Nebo Drive, Suite 200, La Mesa, CA 91941-5230<br><br>Telephone number:<br>(619) 464-1500 | **Court Claim Number:**<br>_____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ 1,437,530.03<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** See attached<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other<br>**Describe:**<br><br>Value of Property:$_____ Annual Interest Rate___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____ Basis for perfection: _____<br><br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>08/10/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2. Basis for claim.  Sean Ryan is a former employee of Verizon Media Sales –
West Inc., a wholly-owned subsidary of Verizon Communications, Inc.
(collectively, "Verizon").  Mr. Ryan sued in contract and tort for liabilities it owed
him in connection with its termination of his employment.  During the pendency of
the action, Verizon assigned its liabilities to Idearc, and Idearc voluntarily
assumed those liabilities by appearing in and defending Mr. Ryan's lawsuit against
Verizon.  Under operation of California law, Idearc in accepting this assignment
assumed the liability to satisfy Verizon's obligations, although Verizon also
remains liable to Mr. Ryan unless and until these obligations are satisfied.  Cal.
Civ. Code § 1457; *Anderson v. De Urioste* (1892) 96 Cal. 404, 407-408; *Wiseman
v. Sklar* (1930) 104 Cal.App. 369, 374.

Following a jury trial, the California Superior Court awarded Mr. Ryan $55,511.92
in damages and penalties, $12,976.50 in costs, and $104,102.50 in attorneys' fees.
Both Mr. Ryan and Idearc appealed the judgment of the California Superior Court,
and the appeals were partially briefed when the bankruptcy of Idearc resulted in an
automatic stay of proceedings.

In appealing the judgment of the California Superior Court, Mr. Ryan is asserting
that he is legally entitled to have the Superior Court judgment altered to award him
an additional $500,000 in damages and $ in attorneys' fees, over and above what
has been awarded to him to date.  Furthermore, before the automatic stay came
into effect, Mr. Ryan expended an additional $121,576 in costs and attorneys' fees
in pursuing his California state court appeal against Idearc and Verizon, to which
he would be entitled by operation of California law  for securing his claim under
the California Labor Code, if his appeal is successful.  Furthermore, Mr. Ryan has
necessarily expended an additional $ 102,600 in attorneys' fees and costs in this
court, to which he would for the same reason be entitled by operation of California
law as necessary to securing his rights under the California Labor Code.

Consequently, Mr. Ryan has the following claims against Idearc:

| | |
|---|---|
| Compensatory damages and penalties awarded by California Superior Court | $55,511.92 |
| Attorneys' fees and costs awarded by California Superior Court | $ 117,079.03 |
| Compensatory damages sought in California Court of Appeal | $ 500,000 |
| Attorneys' fees and costs sought in California Court of Appeal | $ 643,363 |
| Attorneys' fees and costs expended in California appeals | $ 121,576 |

**EXHIBIT B**

**Motions, Objections and Other Pleadings Filed by Sean Ryan**

In re Idearc Inc. et al., Case No. 09-31828 (BJH)

Sean Ryan v. Verizon Communications, Inc., et al., 09-03219 (BJH)

| Docket No. | Title |
|---|---|
| 215 | Response of Party-In-Interest Sean Ryan to Debtor's Motion to Assume Employment Related Agreements |
| 216 | Response of Party-In-Interest Sean Ryan to Debtor's Motion to Assume Operating Agreements |
| 372 | Response of Party-In-Interest Sean Ryan to Debtor's Motion to Assume Agreements with Verizon Communications, Inc. |
| 373 | Judgment Creditors' Objections to the Declaration of Anthony Plec in Support of Debtors' Motion to Assume Certain Operating Agreements, Filed on May 20, 2009 in this Action |
| 374 | Judgment Creditors' Objections to the Declaration of Norman White in Support of Debtors' Motion to Assume Certain Operating Agreements, Filed on May 20, 2009 in this Action |
| 375 | Judgment Creditors' Objections to the Declaration of Carol Desmond-Donohue in Support of Debtors' Motion to Assume Certain Operating Agreements, Filed on May 20, 2009 in this Action |
| 376 | Judgment Creditors' Objections to the Declaration of Rosemary Foreman in Support of Motion to Assume Certain Operating Agreements, Filed on May 20, 2009 in this Action |
| 377 | Judgment Creditors' Objections to the Declaration of Ronald Lenington, Filed on May 20, 2009 in this Action |
| 378 | Judgment Creditors' Objections to the Declaration of Mike Wood in Support of Debtors' Motion to Assume Certain Operating Agreements, Filed on May 20, 2009 in this Action |
| 422 | Opposition of Sean Ryan to Motion of Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. §§ 105(A), 1102(B)(3) and 1103(C), for Nunc Pro Tunc Order Clarifying Requirements to (1) Provide Access to Information, and (2) Solicit and Receive Comments from Unsecured Creditors |

| Docket No. | Title |
|---|---|
| 528 | Objection to Disclosure Statement |
| 578 | Sean Ryan and the McMillan Law Firm, APC's Motion to Reconsider and Modify Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection to Lenders; Joinder In Motions of Official Creditor Committee [Doc 565] and Matlinpatterson Gobal Opportunities Partners (Cayman) III LP, Matlinpatterson Global Opportunities Partners III LP [Doc 543] |
| 584 | Sean Ryan and the McMillan Law Firm, APC's [Amended] Motion to Reconsider and Modify Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection to Lenders; Joinder In Motions of Official Creditor Committee [Doc 565] and Matlinpatterson Global Opportunities Partners (Cayman) III LP, Matlinpatterson Global Opportunities Partners III LP [Doc 543] |
| 615 | Sean Ryan, Adversary Plaintiff vs. Verizon Communications, Inc., a Delaware Corporation, Scott W. Klein, Katherine J. Harless, Samuel D. Jones, Andrew Coticchio, Theresa Murray, John W. Diercksen, John J. Mueller, Donald B. Reed, Stephen L. Robertson, Thomas S. Rogers, Richard Carrion, Joseph Neubauer, Thomas O'Brien, Hugh Price, John Stafford, Robert Lane, Donald Nicolaisen, Clarence Otis, Martha Keeth, Dr. Sandra O. Moore, Ivan Seidenberg, Individuals, JPMorgan Chase Bank, N.A., in its Capacity for Itself and a Syndicate of Lenders that Extended Credit, Adversary Defendant |
| 819 | Objection to Debtors' Motion to Approve Stipulation [Docket 774] |
| 843 | Objection to Debtors' Witness and Exhibit List in Support of Debtors' Motion to Compromise [Docket 836] |
| 858 | Objection to Debtors' Motion Pursuant to 11 U.S.C. § 1121(D) for Entry of an Order Extending the Exclusive Period for Solicitation of Acceptances to their Plan of Reorganization [Docket 778] |
| 896 | Objection to Motion for Protective Order and to File Exhibits under Seal [Docket 880] |
| 989 | Objection to Milbank Tweed Application for Compensation and Reimbursement [Docket 881] |
| 1077 | Joinder in Objections of Matlin Patterson [Docket 1065] and Official Creditors Committee [Docket 1040] for Order Authorizing the Retention and Employment of Navigant Consulting, Inc. as Litigation Consultant to the Debtors, Nunc Pro Tunc, To June 26, 2009 |

| Docket No. | Title |
|---|---|
| 1198 | Joinder In Objection of Matlin Patterson [Docket 1166] to Debtors' Motion to Extend Time to Debtors' Second Motion Pursuant to Section 1121(D) for Entry of an Order Extending the Exclusive Period for Solicitation of Acceptances to their Plan of Reorganization Filed by Debtor Idearc Inc., Consolidated Debtor Idearc Information Services LLC, Idearc Media LLC, Idearc Media Sales – East Co., Idearc Media Sales - East LLC, Idearc Media Sales - West Inc., Idearc Media Services - East Inc., Idearc Media Services - West Inc., License Application Corporation, Second License Application Corporation [Docket 1083] |
| 1259 | Motion to Vacate Order Denying Sean Ryan's Amended Motion for Reconsideration of Cash Collateral Order [Docket 1200] [Expedited Hearing Requested] |
| 1262 | Notice of Issuance of Subpoena and Notice of Audio and Video Deposition of Designee of Verizon Communications, Inc., a Delaware Corporation |
| 1263 | Notice of Issuance of Subpoena and Notice of Audio and Video Deposition of Katherine J. Harless |
| 1264 | Notice of Issuance of Subpoena and Notice of Audio and Video Deposition of Dane Beck |
| 1284 | Motion to Disqualify Milbank, Tweed, Hadley & McCloy, LLP |
| 1286 | Sean Ryan's Objections to Debtors' Motion for Entry of an Order Approving Claims Estimation Procedures and Fixing Notice Procedures and Form and Manner of Notice [Docket 1085] |
| 1288 | Sean Ryan's Emergency Motion In Limine as to the Introduction of Evidence on Valuation for Purposes of Confirmation of Debtors' Plan of Reorganization |
| 1343 | Sean Ryan's Objection to Confirmation of the Debtors' First Amended Joint Plan of Reorganization |
| 1344 | Sean Ryan's Joinder In Objections to Confirmation |
| 1345 | Sean Ryan's Objection to the Debtors' Motion for Authority to Enter into a Standby Purchase Agreement [Docket 1224] |
| 1347 | Request for Setting of Hearing Re Emergency Motion In Limine [Docket No. 1288 ] |

| Docket No. | Title |
|---|---|
| 1348 | Motion for Setting and Request for Expedited Hearing |