IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-31828 (BJH) |
| | § | |
| **IDEARC INC.**, *et al.*, | § | (Chapter 11) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**FEE APPLICATION COVER SHEET FOR SECOND INTERIM AND FINAL APPLICATION OF RUSSELL REYNOLDS ASSOCIATES, INC. AS BOARD SEARCH ADVISOR TO THE DEBTORS, FOR ALLOWANCE AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009, THROUGH NOVEMBER 30, 2009**

**Application of**: Second Interim and Final Application of Russell Reynolds Associates, Inc. ("Russell Reynolds"), board search advisor to Idearc Inc. ("Idearc") and its affiliated debtors and debtors-in-possession (together with Idearc, the "Debtors")[1]

**Capacity**: Board Search Advisor to the Debtors

**Time Period**: May 1, 2009 through November 30, 2009

**Debtor/Case**: In re: Idearc Inc., *et al.*; Case No. 09-31828

**Retainer Received**: None

**Amount Previously Paid**: $408,251.02 towards payment of Search Fee and expenses[2]

**Amount Requested:** $31,294.60 for actual and necessary expenses

**Summary of Expenses:**

| EXPENSE CATEGORY | EXPENSE AMOUNT |
|---|---|
| **Associate Expenses** | $18,312.62 |
| **Candidate Expenses** | $9,627.48 |
| **Other Assignment Related Expenses** | $3,354.50 |
| **TOTAL:** | $31,294.60 |

---

[1] In addition to Idearc Inc., the following entities are debtors in these related cases: Idearc Information Services LLC, Idearc Media LLC, Idearc Media Services – East Inc., Idearc Media Services – West Inc., Idearc Media Sales – West Inc., Idearc Media Sales – East LLC, Idearc Media Sales – East Co., License Application Corporation, and Second License Application Corporation.

[2] Pursuant to the *Order Granting Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure Authorizing the Employment of Russell Reynolds Associates, Inc. as Board Search Advisor to the Debtors, Nunc Pro Tunc to May 1, 2009* [Docket No. 629], Russell Reynolds is only required to file interim and final applications for expenses incurred on top of the $377,500.00 flat-rate Search Fee previously approved by the Court.

85413465.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-31828 (BJH) |
| | § | |
| **IDEARC INC.**, *et al.*, | § | (Chapter 11) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**SECOND INTERIM AND FINAL APPLICATION OF RUSSELL REYNOLDS ASSOCIATES, INC. AS BOARD SEARCH ADVISOR TO THE DEBTORS, FOR ALLOWANCE AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009, THROUGH NOVEMBER 30, 2009**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES CHIEF BANKRUPTCY JUDGE:

COMES NOW Russell Reynolds Associates, Inc. ("Russell Reynolds"), as board search advisor to Idearc Inc. ("Idearc") and its affiliated debtors and debtors-in-possession (together with Idearc, the "Debtors")[1] and files this Second Interim and Final Application for Allowance and Reimbursement of Expenses for the Period May 1, 2009, Through November 30, 2009 (the "Final Application"). In support of the Final Application, Russell Reynolds respectfully states as follows:

### I. INTRODUCTION

1. By this Final Application, Russell Reynolds seeks allowance and reimbursement, pursuant to sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§101 *et al.* (the "Bankruptcy Code") and the *Order Granting Motion to Establish Omnibus Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals and*

---

[1] In addition to Idearc Inc., the following entities are debtors in these related cases: Idearc Information Services LLC, Idearc Media LLC, Idearc Media Services – East Inc., Idearc Media Services – West Inc., Idearc Media Sales – West Inc., Idearc Media Sales – East LLC, Idearc Media Sales – East Co., License Application Corporation, and Second License Application Corporation.

85413465.1

*Committee Members* (the "Compensation Order") [Docket No. 421], of its expenses incurred for the time period from May 1, 2009 through November 30, 2009 (the "Final Application Period").

2. Pursuant to this Final Application, Russell Reynolds seeks reimbursement of expenses in the aggregate amount of $31,294.60, which amount consists of actual and necessary expenses in incurred by Russell Reynolds in connection with services rendered during the Final Application Period. Pursuant to the Employment Order (defined below), Russell Reynolds has additionally invoiced the Debtors for its flat rate professional fees in the total amount of $377,500.00, which has been paid in full to Russell Reynolds by the Debtors. Pursuant to the *Order Granting Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure Authorizing the Employment of Russell Reynolds Associates, Inc. as Board Search Advisor to the Debtors, Nunc Pro Tunc to May 1, 2009* [Docket No. 629], Russell Reynolds is only required to file applications for expenses incurred on top of the flat-rate Search Fee (defined below) previously approved by the Court.

## II. JURISDICTION AND PROCEDURAL BACKGROUND

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This Final Application involves a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

5. On March 31, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief (collectively, the "Bankruptcy Cases") under chapter 11 of the Bankruptcy Code. The Bankruptcy Cases are being jointly administered under the above-styled case for procedural and administrative purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

6. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to Bankruptcy Code §§1107(a) and 1108.

### III. PROGRESS AND STATUS OF CASE

7. On May 15, 2009, the Debtors filed their proposed Plan of Reorganization (as amended, the "Plan") and the related Disclosure Statement (as amended, the "Disclosure Statement"). On September 10, 2009, this Court entered an order approving the Disclosure Statement With Respect to First Amended Joint Plan of Reorganization of Idearc Inc., *et al.*, Debtors as of September 9, 2009, and the Debtors thereafter solicited acceptances to the First Amended Joint Plan of Reorganization of Idearc Inc., *Et Al.*, Debtors [Docket No. 942] from their creditors and equity holders entitled to vote. The solicitation period concluded on November 13, 2009. The Court thereafter approved certain modifications to the Plan and, on December 22, 2009, entered its Order Confirming First Amended Joint Plan of Reorganization of Idearc Inc., *Et Al.*, Debtors (As Modified) [Docket No. 1639] and its Findings of Fact and Conclusions of Law in Support of First Amended Joint Plan of Reorganization of Idearc, Inc., *Et Al.*, Debtors (As Modified) [Docket No. 1640].

8. In line with the confirmation schedule for the Debtors' proposed Plan, the Debtors and Russell Reynolds have completed the interview and selection process for individuals to serve on the new board of directors of the reorganized Debtors.

### IV. RETENTION OF RUSSELL REYNOLDS AND BILLING HISTORY

9. On June 26, 2009, the Debtors filed their Amended Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure Authorizing the Employment of Russell Reynolds Associates, Inc. as Board Search Advisor to the Debtors, Nunc Pro Tunc to May 1, 2009 [Docket No. 501] (the "Employment Application").

10. After a hearing, the Court entered its *Order Granting Application for an Order Pursuant to 11 U.S.C. §§ 327, 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure Authorizing the Employment of Russell Reynolds Associates, Inc. as Board Search Advisor to the*

*Debtors, Nunc Pro Tunc to May 1, 2009* [Docket No. 629], dated July 15, 2009 (the "Employment Order"). The Employment Order approved the Debtors' retention of Russell Reynolds and ordered that Russell Reynolds be compensated for its search fee in the amount of $370,000.00, plus a flat rate recovery charge of $7,500.00 for search-related expenses (collectively, the "Search Fee"), in three monthly installments. The Employment Also ordered that Russell Reynolds apply for reimbursement of out-of-pocket search-related expenses (other than expenses included in the Search Fee) in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and applicable rules and orders of the Court.

11. Pursuant to the Employment Application and the Employment Order, Russell Reynolds was retained to, among other things, assist the Debtors in identifying and selecting candidates for a new board of directors (the "New Board") to reflect the new ownership of reorganized Idearc upon emergence from bankruptcy. Since May 1, 2009, and in accordance with the Employment Order, Russell Reynolds has completed the board search services set forth in the Employment Application, and has invoiced the Debtors for its Search Fee in the total amount of $377,500.00[2]. In addition, and also in accordance with the Employment Order, Russell Reynolds has included statements of out-of-pocket expenses incurred in its invoices to the Debtors.

12. Pursuant to the invoices and the Compensation Order, Russell Reynolds sought reimbursement of one hundred percent (100%) of expenses incurred in connection with such services. As of the date of filing of this Final Application, the Debtors have paid Russell Reynolds the Search Fee amount of $377,500.00, plus $30,751.02 in expenses, for a total amount $408,251.02.

---

[2] Pursuant to the Employment Order, the Search Fee was invoiced in three separate installments.

13. Russell Reynolds has served eight (8) invoices in connection with expenses incurred (other than expenses included in the Search Fee) during the Final Application Period as set forth below:

| Invoice Number | Expenses Requested | Expenses Paid |
|---|---|---|
| 122203 | N/A | N/A |
| 122204 | $1,913.03 | $1,913.03 |
| 122205 | $5,047.80 | $5,047.80 |
| 123394 | $540.79 | $540.79 |
| 123488 | $15,512.22 | $15,512.22 |
| 123691 | $553.20 | $553.20 |
| 124479 | $7,183.98 | $7,183.98 |
| 124600 | $543.58 | $0.00 |
| **TOTALS:** | $31,294.60 | $30,751.02 |

14. On August 31, 2009, Russell Reynolds filed its First Interim Fee Application of Russell Reynolds Associates, Inc. as Board Search Advisor to the Debtors, for Allowance and Reimbursement of Expenses for the Period May 1, 2009, Through July 31, 2009 [Docket No. 884] (the "First Fee Application"). In the First Fee Application, Russell Reynolds requested reimbursement of actual and necessary expenses in the amount of $6,930.83 incurred from May 1, 2009 through July 31, 2009. On October 1, 2009, the Court entered its Order Granting the First Fee Application [Docket No. 1051].

### V. PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED

15. During the Final Application Period, and in accordance with the Employment Application and Employment Order, Russell Reynolds has assisted the Debtors in developing skill and experience profiles and search parameters for prospective candidates, as well as identifying, interviewing and selecting candidates to serve on the New Board.

16. In connection with the services rendered, and in addition to the Search Fee previously approved by the Court, Russell Reynolds incurred actual and necessary out-of-pocket expenses in the total amount of $31,294.60. These expenses consisted of travel, airfare, parking, copy, and related expenses incurred by Russell Reynolds' associates in performance of their board search services to the Debtors, as well as certain expenses incurred on behalf of prospective candidates for the New Board. Russell Reynolds' invoices to the Debtors, which contain a detailed breakdown of the expenses incurred, are set forth in Exhibit A, and are fully incorporated herein for all purposes.

17. In connection with the expenses incurred, and in accordance with Russell Reynolds' policies for all clients, Russell Reynolds charged the actual cost of expenses paid, without any mark-up, enhancement or other administrative charge. Accordingly, Russell Reynolds submits that the expenses it incurred were actual expenses and were necessarily incurred in connection with Russell Reynolds' rendition of board search advisory services to the Debtors in these Bankruptcy Cases.

WHEREFORE, PREMISES CONSIDERED, Russell Reynolds respectfully requests that the Court enter an order: (i) allowing Russell Reynolds' actual and necessary expenses in the amount of $31,294.60 on a final basis; and (ii) granting such other and further relief to which Russell Reynolds may be entitled, both at law and in equity.

Dated: December 30, 2009

RUSSELL REYNOLDS ASSOCIATES, INC.

By: */s/ Stephen Newton*
Name: Stephen Newton
Title: Area Manager, Houston Office

## CERTIFICATE OF COMPLIANCE

      I, the professional designated as the "Certifying Professional" with respect to this Final Application, hereby certify that (1) I have read the foregoing Final Application, (2) to the best of my knowledge, information and belief, formed after reasonable inquiry, the reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court, Northern District of Texas, and (3) the expense reimbursement requested consists of actual expenditures and is not marked up to provide profit or recover amortized cost of investment, and is in accordance with practices no less favorable than those customarily employed by Russell Reynolds Associates, Inc. and generally accepted by clients of Russell Reynolds Associates, Inc. for similar services.

                                                    /s/ *Stephen Newton*